action could not be questioned by a party to it, after the shares themselves had been sold and their proceeds applied, as the bonds and their proceeds have in this case, to the extinguishment of the indebtedness. In all these authorities the principle or policy embodied in this section of the statute has been followed, that the transaction can only be regularly questioned by the authorities of the United States in a proceeding against the association for its violation of the statute. This principle although supported by the general policy of the law, was not so directly applicable in the other cases as it is in this, for here it has been incorporated into and made a part of the section itself. And it is the only legal consequence or result which the law has declared shall follow from the certification of the checks, where the drawer has not on deposit with the association at the time, an amount of money equal to the amount specified in the certified checks. The court was therefore right in holding at the trial that the bank became a holder for value of the bonds in controversy by certifying these checks for Capron & Merriam, from whom the bonds for this object had been previously received.

*Lewis Sanders*, for the plaintiffs.

*William Allen Butler*, for the defendant.

Opinion by DANIELS, J.; VAN BRUNT, P. J., and BRADY, J., concurred.

Judgment directed for defendant on verdict, with costs.

---

HENRY ELSWORTH AND OTHERS, AS EXECUTORS OF EDWARD ELSWORTH, DECEASED, RESPONDENTS, *v.* SARAH HINTON AND MARY GREGORY, APPELLANTS IMPLEADED WITH OTHERS.

*An accounting in a Surrogate's Court is conclusive as to all parties to the proceeding, although certain of the persons in interest may not be parties thereto.*

APPEAL by certain of the defendants from part of an interlocutory judgment in an action brought by the plaintiffs to obtain an accounting, and also from orders amending and correcting the findings of fact and conclusions of law therein.

The appeal was based on the proposition that an accounting of an executor or testamentary trustee in a Surrogate's Court, where there is an omission to cite some of the persons interested in the estate, is wholly void even as between those interested parties who are cited and appear in the proceeding without in any manner objecting to its validity or regularity.

The court at General Term said : " The learned counsel for the appellants refers us to no case which enunciates this doctrine, but argues that such is the effect of the various statutes relating to the settlement of the accounts of executors and testamentary trustees in the Surrogate's Court, in view of the limited jurisdiction of that tribunal. If this contention is correct, it would seem to follow that a score of persons might participate without objection in an accounting lasting for months and perhaps for years, and if it turned out after a decree that a single person who ought to have been cited was overlooked and not cited at all, none of the actual litigants would be bound by the adjudication of the surrogate, even as between themselves.

" A construction which would lead to such and similar results is not to be adopted, unless plainly required by the language of the legislature. We think the statutory provisions under consideration here are capable of a more reasonable interpretation; and that, as between the persons interested in an estate, who are cited and appear upon the accounting of an executor or testamentary trustee before the surrogate, the decree. in such proceeding is binding, and is not rendered ineffectual, so far as the accounting relates to the rights of the parties actually represented as against one another, by the omission to cite other persons having an interest in the estate. Speaking of decrees upon an executor's accountings, the Court of Appeals say, in the *Matter of Tilden* (98 N. Y., 434, 441) : ' There can be no doubt that these various decrees were binding upon all of the adult heirs and legatees *who were duly cited to appear,*' thus clearly implying that there might have been an omission to cite others, and yet the proceedings as to these parties would have been valid.

" So, in the present case, we think the appellants were bound by the decrees of the Surrogate's Court in the several accountings to which they were properly cited, relating to the estate in which they

have a life interest, notwithstanding the failure to cite the parties who will become entitled to the property upon the termination of the life estates.

"The interlocutory judgment and the orders appealed from must, therefore, be affirmed with costs."

*Carlisle Norwood, Jr.,* for the appellants.

*William A. Coursen,* for the respondents.

Opinion by BARTLETT, J.; VAN BRUNT, P. J., and MACOMBER, J., concurred.

Judgment and order affirmed, with costs.

---

VALENTINE DIEFENTHALER, PLAINTIFF, APPELLANT, *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK. DEFENDANT, APPELLANT.

*The prohibition contained in chapter 550 of 1880, against bringing actions to vacate assessments in the city of New York, has no application to cases in which the assessment is void and not a lien on real estate*

APPEAL by both parties from a judgment, entered upon a demurrer interposed by the plaintiff to certain defenses set up in defendant's answer.

The action was brought to have an assessment declared illegal to to the extent of forty-eight and three-tenths per cent thereof, and to recover the amount of the alleged excess which had been paid in 1874, the complaint alleging that the assessment was valid on its face, but illegal and void because of facts *dehors* the record. The answer set up, among other defenses, that the assessment had not been reduced under chapter 550 of the Laws of 1880. The plaintiff demurred to this defense. The demurrer was sustained.

The court at General Term said : "The demurrer seems to have been properly sustained as to the first defense. The reasoning in the case of *Jex* v. *The Mayor* (103 N. Y., 536) in favor of the right to commence an equitable action to vacate an assessment, notwithstanding the prohibition contained in the act of 1874, amending the act of 1858, applies equally to the prohibition contained in